UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BARON BEMENT, and individual,

Plaintiff,

v.

JAMES COX, an individual, et al.,

Defendants.

Case No. 3:12-cv-00475-MMD-WGC

ORDER

(Defs' Motion for Summary Judgment – dkt. no. 32)

## I.   SUMMARY

Plaintiff Baron Bement brings this action asserting claims under the Rehabilitation Act against the Nevada Department of Corrections ("NDOC") for allegedly failing to accommodate Plaintiff's disability and punishing him for seeking accommodation, and under the Family Medical Leave Act ("FMLA") against all Defendants for allegedly denying Plaintiff leave to which he was entitled, utilizing Plaintiff's assertion of FMLA rights as a negative factor in adverse employment actions, and force-designating leave as FMLA leave. (Dkt. no. 1 ¶¶ 24–29.)

Before the Court is Defendants James Cox, Greg Smith, and NDOC's Motion for Summary Judgment ("Motion"). (Dkt. no. 32.) For the reasons set out below, the Motion is granted in part and denied in part.

## II.   BACKGROUND

The following facts are undisputed.

Plaintiff began work as a correctional officer with the NDOC in 2004 and was assigned to the Warm Springs Correctional Center ("WSCC") at all relevant times. (Dkt. no. 32-1 at "Page 6".)

On July 28, 2011, Plaintiff was provided with a letter dated July 13, 2011, from NDOC regarding Plaintiff's "extremely excessive" use of sick leave. (Dkt. no. 32-1 at "Page 13;" dkt. no. 32-3.) The letter stated that Plaintiff used twenty-four (24) days of sick leave for the year of 2011 until the date of the letter, noting that all but four (4) of these days were used in conjunction with regular days off. (Dkt. no. 32-3.) The letter required Plaintiff, going forward, to produce a note from a physician or medical professional for Plaintiff's sick leave usage for the next six (6) months. (*Id.*)

NDOC advised Plaintiff to apply for FMLA and mailed an FMLA packet to Plaintiff on August 15, 2011, with forms for his physician to fill out. (Dkt. no. 32-4.) The packet listed a due date of September 2, 2011. (*Id.*) Plaintiff received the packet but did not fill it out or return it. (Dkt. no. 32-1 at "Pages 15-17.") Plaintiff received notification that FMLA leave was not approved because he did not fill out or return the paperwork. (Dkt. no. 32-1 at "Page 16.")

Plaintiff received a written reprimand dated August 17, 2011, for calling in sick and failing to provide a note in violation of the "proof status" imposed by the July 13, 2011, letter. (Dkt. no. 32-5.)

On or about November 14, 2011, Plaintiff hit a wild horse with his car and hurt his shoulder and neck. (Dkt. no. 32-1 at "Pages 14, 35-36;" dkt. no. 32-8.) He called in sick the next three days. (Dkt. no. 32-1 at "Pages 36–37.")

NDOC sent Plaintiff an FMLA packet on November 30, 2011, with a listed due date of December 18, 2011. (Dkt. no. 32-9.) Plaintiff returned the completed paperwork on December 9, 2011, and was approved for FMLA leave from November 23, 2011, through December 12, 2011.  (*Id.*; dkt. no. 32-10.)

On or about February 9, 2012, Plaintiff filed a grievance regarding his 2011 performance evaluation. (Dkt. no. 32-13.) The evaluation overall stated that Plaintiff "meets standards," but Plaintiff challenged the evaluation with regard to four (4) categories where he was rated "does not meet standards." (*Id.*) As a result of the grievance, Plaintiff's ratings in three (3) of the four (4) categories were improved. (*Id.*)

Plaintiff was served with a specificity of charges on June 25, 2012, imposing a suspension of five (5) days for unauthorized absences. (Dkt. no. 32-14.) This was a result of unauthorized sick leave that Plaintiff took in February and March 2012. (*Id.* at 7, "II. Brief Summary of Facts.")

## III.    DISCUSSION

### A.    Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle As s'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The

1    mere existence of a scintilla of evidence in support of the plaintiff's position will be

2    insufficient." *Anderson*, 477 U.S. at 252. Although the parties may submit evidence in an

3    inadmissible form, the Court may only consider evidence which might be admissible at

4    trial in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

5          **B.    Analysis**

6                **1.    Rehabilitation Act**

7          The Complaint is vague and disorganized. With regard to Plaintiff's Rehabilitation

8    Act claim, it states that NDOC is subject to "liability under the Rehabilitation Act" for

9    allegedly failing to accommodate Plaintiff's disability and punishing him for seeking

10   accommodation. (Dkt. no. 1 ¶ 25.) It does not cite to any statutory provision or section of

11   the Act. Consequently, there is confusion amongst the parties as to the nature of

12   Plaintiff's claim. Defendants' Motion argues that Plaintiff's Rehabilitation Act should be

13   dismissed because he failed to exhaust administrative remedies. (Dkt. no. 32 at 5-6.)

14   However, in his opposition, Plaintiff states that the Complaint asserts a claim under §

15   504 of the Rehabilitation Act, which does not require exhaustion. (Dkt. no. 33 at 3.)

16         Prior to his opposition, Plaintiff gave no indication that he was asserting a claim

17   under § 504. To establish a prima facie case of discrimination based upon his disability

18   in violation of § 504 of the Rehabilitation Act, Plaintiff must produce evidence that the

19   NDOC receives federal assistance. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 816

20   (9th Cir. 1999) (*citing Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir.

21   1999)). The Complaint fails to allege that the NDOC receives federal assistance and

22   Plaintiff has provided no evidence to that effect in opposing summary judgment.[1] The

23   Court therefore grants summary judgment on this claim.

24

25         [1]Plaintiff also fails to state a claim under § 504 the Rehabilitation Act and
therefore that claim is dismissed. Pursuant to Fed. R. Civ. P. 8(a), Plaintiff is required to
26   "give the defendant fair notice of what the . . . claim is and the grounds upon which it
rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (internal quotation
27   marks and citation omitted). A properly pled complaint must provide "a short and plain
statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
28   8(a)(2); *Twombly*, 550 U.S. at 555.

### 2.    FMLA

Under 29 U.S.C. § 2615(a)(1), it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the substantive rights guaranteed by FMLA. When a party alleges a violation of § 2615(a)(1), it is known as an "interference" or "entitlement" claim. *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011). Congress has authorized the Department of Labor ("DOL") to issue implementing regulations for the FMLA. 29 U.S.C. § 2654. These regulations are entitled to deference under *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843-44, (1984).  *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003) (citation omitted). DOL regulations state that "[t]he FMLA prohibits interference with an employee's rights under the law." 29 C.F.R. § 825.220(a). Any violation of the FMLA itself or of the DOL regulations constitute interference with an employee's rights under the FMLA.  *Xin Liu*, 347 F.3d at 1133 (*citing* 29 C.F.R. § 825.220(b)). The DOL interprets "interference" to include "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." *Id.* Plaintiff appears to assert interference based on denial of FMLA leave and on discouraging his use of FMLA leave by taking adverse employment action against him. (*See* dkt. no. 1 ¶ 28.)

### a.    Denial of FMLA Leave

The Complaint alleges that "Defendants denied Plaintiff leave to which he was entitled" under the FMLA. (Dkt. no. 1 ¶ 28.) The evidence presented by Defendants shows that Plaintiff was denied FMLA leave only once, when he failed to turn in the paperwork provided by Defendants on August 15, 2011. This evidence is undisputed. Plaintiff's opposition points to deposition testimony in which Plaintiff states that he was "never told" that there was a deadline to return the FMLA paperwork and that he thought he could do it the next time he got sick. (Dkt. no 33 at 4.) The packet provided to Plaintiff clearly listed a due date of September 2, 2011, both on the checklist provided in the front of the packet and on the first page of the paperwork itself. (Dkt. no. 32-4.)

///

As a general requirement for FMLA leave, an employer may require certification from the employee's physician, 29 U.S.C. § 2613(a), but must give the employee at least fifteen (15) calendar days in which to submit it, 29 C.F.R. § 825.305(b). However, "[a]t the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification." 29 C.F.R. § 825.305(d). An employee must also be given an opportunity to cure the certification if certification is incomplete or insufficient. *Id.*

Plaintiff testified at his deposition that he was "never told" that he had fifteen (15) days to return the packet, that he "kept the packet" and "next thing [he] kn[ew], they sent [him] a thing denying the FMLA[.]" (Dkt. no. 32-1 at "Pages 15-16".) Construing the facts and drawing all inferences in the light most favorable to the nonmoving party, the Court finds there is a genuine issue of material fact as to whether Defendants informed Plaintiff of the consequences of failing to return his paperwork by the designated date. *See Washington v. Fort James Operating Co.*, 110 F. Supp. 2d 1325, 1332–33, 1335 (D. Or. 2000) (denying summary judgment as to FMLA claim where it was not clear whether defendant informed plaintiff of the consequences of not returning his certification). Summary judgment is therefore denied as to this claim.

### b. Discouraging FMLA Leave

Next, the Complaint alleges that Defendants utilized Plaintiff's assertion of his FMLA rights as a negative factor in adverse employment actions. (Dkt. no. 1 ¶ 28.) "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies." 29 C.F.R. § 825.220(c); *see also Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122-23 (9th Cir. 2001). The evidence must present a triable issue of fact as to whether "(1) [Plaintiff] took FMLA-protected leave; (2) he suffered adverse employment actions; and (3) the adverse actions were causally related to his FMLA leave." *Zsenyuk v. City of Carson*, 99 F'Appx. 794, 796 (9th Cir. ///

2004) (*citing Bachelder*, 259 F.3d at 1124–25; *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 146–47 (3d Cir. 2004)).

Plaintiff argues that he suffered two adverse employment actions — he was put on "proof status" and suspended — because he took FMLA-protected leave. (Dkt. no. 33 at 3.)

Plaintiff was placed on so-called "proof status" in July 2011 as a result of Plaintiff's sick leave from January to July. (Dkt. no. 32-3.) Defendants have provided evidence that these absences were not FMLA related, including a declaration by a personnel official and the findings of fact in a disciplinary investigation. (Dkt. no. 32-2; dkt. no. 32-14 at 7, "II. Brief Summary of Facts".) Plaintiff provides a declaration in which he states he was diagnosed with intestinal problems in early 2011. (Dkt. no 33-1.) In his deposition testimony he states that he talked to his supervisor "about that and a couple other things" including the fact his mother was not doing too well, and his supervisor recommended he apply for FMLA. (Dkt. no. 32-1 at "Pages 14-15.") However, it is undisputed that Plaintiff did not take or request protected FMLA leave during the January to July 2011 time period. Indeed, there is no evidence that Plaintiff's sick leave was due to his intestinal problems, or that those problems made him unable to perform the functions of his job, as required by the FMLA.  29 U.S.C. § 2612(a)(1)(d); *see Bachelder*, 259 F.3d at 1126. Thus, Plaintiff cannot demonstrate the first element of his claim that he took protected FMLA leave, and, absent such protected leave, Plaintiff cannot demonstrate the third element of causation.

As for his suspension, Plaintiff received a suspension in June 2012 for calling in sick in February and March 2012 after his sick leave had been exhausted, and despite receiving warnings about excessive sick leave in July and August 2011. (Dkt. no. 32-14 at 7, "II. Brief Summary of Facts.") There is no evidence in the record that any of this leave was FMLA-protected. Plaintiff was not approved for FMLA leave in February and March 2012, nor is there any indication he requested it. (Dkt. no. 32-2; dkt. no. 32-14 at 7, "II. Brief Summary of Facts.") Indeed, Plaintiff does not argue that his leave in

February and March 2012 was protected activity. Instead, Plaintiff argues that his June 2012 suspension was causally related to the approved FMLA leave taken from November 23, 2011, through December 12, 2011, because of the close proximity between the FMLA leave and the suspension. (Dkt. no. 33 at 3.) However, a period of six (6) months between Plaintiff's FMLA leave and the alleged adverse employment action alone, absent any other evidence, is too remote in time to support causation. *See Swan v. Bank of Am.*, 360 F'Appx. 903, 2009 (9th Cir. 2009) (finding that a period of four months was too remote) (*citing Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (explaining, in the context of Title VII claims, that "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close' "); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (stating that "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity")); *see also Andrews v. Dep't of Human Res., Nev.*, 3:07-cv-336, 2008 WL 4540499, at *4 (D. Nev. Oct. 6, 2008) (finding that three months was too remote in time).

The Court finds that the undisputed evidence does not support Plaintiff's claim that he took protected FMLA leave and suffered an adverse employment action as a result.[2] The Court thus grants summary judgment on Plaintiff's claim of interference with his FMLA rights by taking adverse employment action to discourage his use of FMLA use.

---

[2]The Complaint also alleges that Defendants "force-designated the leave Plaintiff took for the fitness for duty evaluation as FMLA leave." (Dkt. no. 1 ¶ 29.) The Court is not sure what to make of this allegation. The evidence shows that Plaintiff was only approved for FMLA leave once in his time working for NDOC and that was from November 23, 2011, through December 12, 2011. (Dkt. nos. 32-2, 32-10.) This approval was based on paperwork Plaintiff filled out and returned. (Dkt. nos. 32-9, 32-10.) There is no evidence in the record that Plaintiff was forced to use FMLA leave. The Court further fails to understand the legal basis for this claim as it does not appear to be an interference claim.

**IV.   CONCLUSION**

It is hereby ordered that Defendants' Motion for Summary Judgment (dkt. no. 32) is granted in part and denied in part. The Motion is denied with regard to Plaintiff's claim of interference due to improper denial of FMLA leave and is otherwise granted.

DATED THIS 22nd day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE