1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9                    DISTRICT OF NEVADA
10                          * * *
11   BARON BEMENT, an individual,          Case No. 3:12-cv-00475-MMD-WGC
                                Plaintiff,
12
          v.                                          ORDER
13
     JAMES G. COX, an individual, GREG       (Defendants' Motion to Dismiss
14   SMITH, an individual, STATE OF              — dkt. no. 44)
     NEVADA, ex. rel., DEPARTMENT OF
15   CORRECTIONS,
16                             Defendants.
17
18
19   I.    SUMMARY
20         Defendants the State of Nevada, *ex. rel.*, its Department of Corrections
21   ("NDOC"), James G. Cox and Greg Smith (collectively referred to as "Individual
22   Defendants") move to dismiss Plaintiff Baron Bement's remaining FMLA claim for lack
23   of subject matter jurisdiction ("Motion"). (Dkt. no. 44.) For the reasons stated below,
24   Defendants' Motion is granted in part and denied in part.
25   II.   BACKGROUND
26         The relevant facts are fully set out in the Court's Order addressing Defendants'
27   Motion for Summary Judgment. (Dkt. no. 38.) After summary judgment proceedings,
28   only Plaintiff's claim of interference due to improper denial of his FMLA leave under the

1   FMLA's self-care provision ("FMLA Claim") remains.[1] Defendants then moved to dismiss

2   the FMLA Claim, contending that the Court lacks subject matter jurisdiction as to all

3   three defendants. (Dkt. no. 44.)

4           The Court ordered supplemental briefing to address whether NDOC has waived

5   its sovereign immunity. (Dkt. no. 48.) The parties timely submitted supplemental briefs.

6   (Dkt. nos. 49, 50.)

7   **III.    LEGAL STANDARD**

8           Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek

9   dismissal of a claim or action for lack of subject matter jurisdiction. Dismissal under Rule

10  12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on

11  its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random*

12  *Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). The party

13  asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a

14  Rule 12(b)(1) motion to dismiss. *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*,

15  511 U.S. 375, 377 (1994)).

16          Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v.*

17  *Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a

18  particular case unless the contrary affirmatively appears." *Stock West, Inc. v.*

19  *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

20  Sovereign immunity is a threshold issue that goes to the court's subject matter

21  jurisdiction. *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1026 (9th Cir. 2010).

22  **IV.    DISCUSSION**

23          Defendants raise separate arguments to support their contention that this Court

24  lacks subject matter jurisdiction. Defendants argue that NDOC, a Nevada state agency,

25  _____

26          [1]The Family and Medical Leave Act of 1993 (FMLA) has family-care provisions
    (Subsection A-C) and a self-care provision (Subsection D) that entitle an employee to
27  take up to 12 work weeks of unpaid leave per year to care for one's family, such as a
    parent with a serious medical condition (Subsection C), or to care for oneself when the
    employee has serious health condition (Subsection D). *See Coleman v. Court of*
28  *Appeals of Md*, 132 S.Ct. 1327, 1332 (2012); 29 U.S.C. § 2612(a)(1).

1    enjoys sovereign immunity under the Eleventh Amendment because Congress failed to

2    validly abrogate such immunity regarding suits brought pursuant to the FMLA's self-care

3    provision. (Dkt. no. 44 at 1-2). As to the Individual Defendants, they argue that the

4    FMLA does not authorize suits against them as individual public employees because

5    they are not within the FMLA's definition of employer. (*Id.*) The Court will address each

6    argument in turn.

7        **A.    NDOC**

8        The Court agrees with Defendants that NDOC, as a public agency, is immune

9    under the Eleventh Amendment from suits brought pursuant to the FMLA's self-care

10   provision. The FMLA expressly creates a private right of action against a public agency

11   as an employer in any federal court. 29 U.S.C. § 2617(a)(2).[2] However, the Supreme

12   Court has ruled that while Congress validly abrogated states' sovereign immunity for

13   suits pursuant to the FMLA's family-care provisions, Congress lacked the power to do

14   so with regard to suits brought pursuant to the FMLA's self-care provision. *Coleman*,

15   132 S. Ct. at 1332. It is well established that States, as sovereigns, are immune from

16   damages suits or suits brought for injunctive relief, unless they waive that defense. *See,*

17   *e.g.*, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73 (2000); *Dittman v. California*,

18   191 F.3d 1020, 1025 (9th Cir. 1999). Here, the State of Nevada has explicitly refused to

19   waive its immunity to suits under the Eleventh Amendment. NRS § 41.031(3).[3]

20       Plaintiff half-heartedly argues that the FMLA Claim also arises out of the family-

21   care provisions, for which Congress validly abrogated states' sovereign immunity,

22   because one of the reasons he asked for FMLA leave was to take care of his mother.

23   (Dkt. no. 45, at 2.)  Plaintiff points to his comments about "his mother [] not doing well"

24

25       [2]29 U.S.C. § 2617(a)(2) provides, in pertinent, part: "An action to recover the
26   damages or equitable relief prescribed in paragraph (1) may be maintained against any
     employer (*including a public agency*) in any Federal or State court of competent
27   jurisdiction…" (emphasis added).

         [3]NRS § 41.031 states that "[t]he State of Nevada does not waive its immunity
28   from suit conferred by Amendment XI of the Constitution of the United States."

1   when he was first advised to apply for FMLA leave. (*Id.*) However, Plaintiff testified that

2   he never had to deal with his mother's issue. (Dkt. no. 46-1 at 18.) Moreover, Plaintiff

3   stated that he did not request FMLA leave for his mother's issue. (*Id.* at ¶¶ 3-5.)

4   Plaintiff's effort to recast the FMLA Claim as arising out of the family-care provisions is

5   unavailing.

6        A state may waive its sovereign immunity through "conduct that is incompatible

7   with an intent to preserve that immunity." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d

8   754, 758 (9th Cir. 1999), *amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999).

9   However, Defendants argue, and Plaintiff concedes, that NDOC has not waived its

10  sovereign immunity in this case. (Dkt. nos. 49, 50.) In light of Plaintiff's concession,

11  dismissal of the FMLA Claim against NDOC is appropriate.

12        **B.    Individual Defendants**

13        The gist of Defendants' argument is that Plaintiff's alleged failure to plead

14  sufficient facts to support that the Individual Defendants fall within the FMLA's definition

15  of employer abrogates the Court's jurisdiction. Defendants essentially argue that

16  sufficiency of a federal claim is required for the Court to assert jurisdiction over that

17  claim. Defendants are wrong.

18        The Supreme Court has held that a federally created claim for relief is generally a

19  sufficient condition for federal-question jurisdiction. *Grable & Sons Metal Prods, Inc. v.*

20  *Darue Eng'g & Mfg.*, 545 U.S. 308, 317 (2005). For the Court to assert federal-question

21  jurisdiction, Plaintiff only needs to *allege* a federally created claim for relief, or in other

22  words, a dispute arising out of federal law. Plaintiff has advanced sufficient allegations.

23  The Complaint asserts that "Defendants denied Plaintiff leave to which he was entitled

24  with the [FMLA leave]…" (Dkt. no. 1 at ¶ 28). Defendants do not contest that the FMLA

25  Claim arises out of the FMLA, a federal statute, or that the connection between the

26  FMLA Claim and the FMLA is too attenuated. The sufficiency of Plaintiff's claim simply

27  does not create a jurisdictional issue.

28  ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14

The Court notes that it is procedurally improper for Defendants to attempt to use a 12(b)(1) motion, which may be raised at any time, to circumvent the Scheduling Order establishing the deadline for when dispositive motions must be filed.[4] Defendants failed to argue that the Individual Defendants were not covered within the FMLA's employer definition in their motion for summary judgment. Even setting aside this procedural defect, Defendants' argument must be rejected on its merits. In the absence of controlling authority, the Court looks to the plain language of the statute and agrees with the other district courts in the Ninth Circuit that the most natural reading of the statute allows an employee to sue supervisors in public agencies who acted "in the interest of an employer to any of the employees of such employer" for an FMLA violation. *See Morrow v. Putnam*, 142 F. Supp. 2d 1271, 1276 (D. Nev. 2001) (citing 29 U.S.C. § 2611(4)(A)(ii)(I)); *Bonzani v. Shinseki*, 895 F. Supp. 2d 1003, 1007 (E.D. Cal. 2012). The question of whether the Individual Defendants meet that requirement is a factual issue to be resolved at trial.

**V.    CONCLUSION**

15
16
17
18
19

It is hereby ordered that Defendants' Motion to dismiss (dkt. no. 44) is granted in part and denied in part. Dismissal is granted with respect to NDOC and denied with respect to James G. Cox and Greg Smith. The Clerk is directed to enter judgment in favor of NDOC.

20
21
22
23
24
25
26

DATED THIS 21st day of August 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

27
28

---

[4]This deadline was extended numerous times at the parties' request. (*See, e.g.,* dkt. no. 30.)