UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARON BEMENT,<br><br>                    Plaintiffs,<br>     v.<br>JAMES G. COX, *et al.*,<br><br>                    Defendants. | Case No. 3:12-cv-00475-MMD-WGC<br><br>ORDER |

## I.  SUMMARY

The Court previously granted summary judgment ("MSJ Order") in favor of Defendant State of Nevada *ex. rel.* Nevada Department of Corrections ("NDOC"). (ECF No. 105.) The Ninth Circuit partially reversed and remanded with respect to Plaintiff's Rehabilitation Act claims ("the Claims").[1] (ECF No. 113.) The Court later vacated part of the MSJ Order and permitted the Claims to proceed to trial. (ECF No. 116 (the "Vacating Order").) Before the Court is Defendant's ("NDOC") motion for reconsideration (the "Motion") (ECF No. 117), arguing that the Court should consider all grounds raised in its previous MSJ Motion. For the reasons explained below, the Court will grant the Motion, consider the remaining arguments raised in the MSJ, and enter summary judgment on some of the Claims.[2]

---

[1] Plaintiff alleges claims for failure to accommodate and disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794 ("the RA"). (ECF No. 70.) The MSJ Order found that Plaintiff failed to show he has a qualified disability to satisfy the first element of each of the Claims without addressing the remaining arguments raised in Defendant's motion for summary judgment ("MSJ"). (ECF No. 105 at 4-7.)

[2] The Court has reviewed Plaintiff's response (ECF No. 120) and NDOC's reply (ECF No. 121.)

## II. BACKGROUND

The Court incorporates by reference the background section in the MSJ Order (ECF No. 105 at 1-3) and does not recite it here.

## III. MOTION FOR RECONSIDERATION

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

NDOC argues that this Court clearly erred in failing to consider the remaining elements of Plaintiff's claims for discrimination and failure to accommodate, and in failing to apply the correct legal standard for "regarded as" disability, as the Ninth Circuit instructed. (ECF No. 117 at 7-8 (citing to ECF No. 113 at 3-4).) NDOC also insists that it is still entitled to summary judgment. (*Id.* at 5.) Because the Court—and Plaintiff (ECF No. 120 at 1)—agrees with NDOC's first argument, the Court grants the Motion and will address the second argument.

## IV. MOTION FOR SUMMARY JUDGMENT

For the reasons explained below, the Court will grant the MSJ only on Plaintiff's discrimination claim but will permit the claim for failure to accommodate to proceed to trial.

### A. Legal Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where

reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Where the moving party does not have the ultimate burden of persuasion at trial, the party can meet its burden of production by either producing evidence that negates an essential element of the nonmoving party's case or by showing that the nonmoving party does not have enough evidence to meet an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### B. Discrimination

To state a prima facie case for disability discrimination under the RA, a plaintiff must establish that he or she is (1) an individual with a disability, (2) otherwise qualified and (3) subjected to discrimination solely by reason of his or her disability, and (4) the defendant

3

receives federal financial assistance. *See Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1174 (9th Cir. 1998); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). The Ninth Circuit has especially recognized that the third requirement is strict. *Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1049 (9th Cir. 2009). If a plaintiff can establish a prima facie case, the burden "then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123-24 (9th Cir. 2000). "If the employer does so, a plaintiff must then show that the articulated reason is pretextual." *Id.* at 1124.

NDOC argues that Plaintiff has not satisfied the first or third element.[3] (ECF No. 90 at 9, 15; *see also* ECF No. 103 (pointing out that nowhere in Plaintiff's Opposition does he address the third element).) The Court only agrees with NDOC's second argument—no reasonable jury can conclude that NDOC took any adverse action against Plaintiff solely by reason of his disability.[4] *See Morran v. Nevada Sys. of Higher Educ.*, 482 F. Supp. 2d 1202 (D. Nev. 2007) (granting summary judgment on discrimination claim where plaintiff's

---

[3] Plaintiff argues that he is disabled under the RA because he is "regarded as" having a physical impairment. (ECF No. 100 at 13-14.) 42 U.S.C. § 12102(1)(C); *see also id.* at §12102(3)(A) (clarifying that the actual or perceived impairment need not limit a major life activity). NDOC counters that Plaintiff cannot satisfy the "regarded as" definition of disability because Plaintiff's physical impairment is at best "transitory and minor" with "an actual or expected duration of 6 months or less." (*See* ECF No. 90 at 12; ECF No. 103 at 11 (citing to 42 U.S.C. § 12102(3)(B)).) NDOC specifically points to evidence wherein Plaintiff resolved a five-day abdominal pain, which was never mentioned again in medical records. (ECF No. 90 at 12, 17.) But Plaintiff has offered sworn testimony that he "was diagnosed with intestinal problems" (ECF No. 33-1 at 1) and he previously informed Warden Mattice that Plaintiff had a "*long-term* [intestine] problem" that caused him to take leave. (ECF No. 100 at 4 (emphasis added) (citing to ECF No. 100-1 at 10-12); *see also* ECF No. 113 (holding that Plaintiff's sworn testimony and testimony of his supervisors as to what Plaintiff told them can be sufficient evidence regarding Plaintiff's disability).) Plaintiff has therefore raised a genuine dispute of material fact regarding whether he was regarded as disabled and whether his physical impairment was transitory or minor.

[4] The parties dispute whether NDOC took any adverse action against Plaintiff (*see* ECF No. 90 at 12-15; ECF No. 100 at 15-18), and at times it is unclear which of these actions Plaintiff is relying on to assert his discrimination claim (*see* ECF No. 100 at 15-18). In fact, Plaintiff appears to have conceded that NDOC's written reprimand to Plaintiff and its requirement that Plaintiff submit a doctor's note for his sick leave ("proof status") do not constitute adverse action. (*See* ECF No. 100 at 15.) However, in an abundance of caution, the Court will presume the following NDOC actions constitute adverse action and address them accordingly.

1 termination was motivated by a non-discriminatory reason). First, Plaintiff was placed on
2 proof status because Plaintiff had previously taken 24 days of sick leave frequently in
3 conjunction with his time off. (ECF No. 100 at 5 (citing to ECF No. 90-6).) Second, to the
4 extent Plaintiff claims he was denied paid sick leave (*see id.* at 16), it was due to the fact
5 that he failed to either timely submit a sick leave request (*id.* at 1 (citing to ECF No. 100-1
6 at 28)) or to submit the requisite doctor's note (*id.* (citing to ECF No. 100-1 at 4)). Third,
7 although NDOC sent Plaintiff a written reprimand on August 17, 2011, Plaintiff admits "[t]he
8 reprimand was for not providing proof of illness from a doctor." (*Id.* at 6 (citing to ECF No.
9 90-11 at 12).) Fourth, Plaintiff concedes that he was suspended because he "repeatedly
10 exhausted all of his [s]ick [l]eave and now has a zero balance and has taken a substantial
11 amount of [l]eave [w]ith [o]ut [p]ay." (*Id.* at 5, 15 (citing to ECF No. 32-14 at 7).) Fifth,
12 Plaintiff claims NDOC required him to submit for a fitness-duty evaluation and use his sick
13 leave for that time, but Plaintiff acknowledges NDOC did so because Plaintiff suffered
14 injuries when he hit a wild horse with his car. (*Id.* at 6-7 (citing to ECF No. 33-1); *see also*
15 ECF No. 32-1 at 5.)

16 In sum, Plaintiff has failed to establish that he was subjected to any adverse
17 employment action solely by reason of his disability to support his disability discrimination
18 claim. The Court will therefore grant the MSJ as to Plaintiff's discrimination claim.[5] *See*
19 *J.C. ex rel. W.P. v. Cambrian Sch. Dist.* ("*J.C.*")*,* 648 F. App'x 652, 653 (9th Cir. 2016)
20 (affirming grant of summary judgment where plaintiff was denied admission to an
21 elementary school pursuant to a valid admissions policy and not solely due to plaintiff's
22 disability).[6]

---

[5]The Court previously found that Plaintiff's hostile work environment claim may constitute an adverse employment action only for purposes of a retaliation claim (ECF No. 90 at 4 n.1), therefore the Court will not address it here (*see* ECF No. 100 at 15-17).

[6]The Court finds *J.C.* persuasive and applies it here. Although not binding precedent, unpublished decisions have persuasive value and may be relied on. *See, e.g.*, *In re Ocwen Loan Servicing LLC Litigaton*, No. 3:16-cv-200-MMD-WGC, 2019 WL 690353, at *2 (D. Nev. Feb. 19, 2019); *see also* Ninth Cir. R. 36-3 ("Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007.").

### C.     Failure to Accommodate

To state a prima facie case for failure to accommodate under the RA, a plaintiff must show that: (1) he is a qualified disabled individual; (2) accommodation is required to enable him to perform essential job functions; and (3) reasonable accommodation is possible. *Buckingham v. U.S.*, 998 F.2d 735, 739-40 (9th Cir. 1993). An employer must conduct an interactive process with the plaintiff to find a reasonable accommodation if the employee requests one. *Ka"Anoi v. Dail*, Case No. CIVS07-2722JKSEFBPS, 2009 WL 3487083, at *10 (E.D. Cal. Oct. 23, 2009) (citing to *Hunphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128 (9th Cir. 2001)).

NDOC argues that Plaintiff has not met any of three prima facie requirements (ECF No. 90 at 16-19), but the evidence demonstrates a genuine dispute of material fact on those issues. First, NDOC argues that Plaintiff is not disabled. (ECF No. 90 at 16.) But the Ninth Circuit already found that Plaintiff presented sufficient evidence of his disability. (ECF No. 113 at 2-3.)

Second, NDOC argues that accommodation is not required because: Plaintiff never requested FMLA leave as a form of accommodation; NDOC never knew about the intestinal issues; and Plaintiff's fitness-for-duty evaluation authorized Plaintiff to return to his "full duties [with] no restrictions." (ECF No. 90 at 17.) Contrary to NDOC's assertions, Plaintiff submitted an FMLA leave request, which NDOC rejected. (ECF No. 100-1 at 28.) Furthermore, Plaintiff previously explained to NDOC that he cannot leave his house during periods in which he has to "use the bathroom every [five] minutes" to "flush [his] guts out." (ECF No. 100-1 at 30-31.) In fact, Warden Mattice knew that Plaintiff had a "long-term [intestine] problem" that caused Plaintiff to take sick leave. (ECF No. 100-1 at 10-12.) Drawing all inferences in the light most favorable to Plaintiff, a reasonable jury could find that Plaintiff requested sick leave as reasonable accommodation for his intestine problem.

Third, NDOC argues that it was not possible to accommodate Plaintiff because his intestinal pain resolved after five days of antibiotics, and such problem was never mentioned again in Plaintiff's medical records. (ECF No. 90 at 17.) But that does not

preclude evidence that Plaintiff had to take sick leave to flush out his intestines. (ECF No. 100-1 at 10-12, 30-31.) *See Nunes v. Wal-Mart Stores, Inc.,* 164 F.3d 1243, 1247 (9th Cir. 1999) (holding that unpaid medical leave can be a reasonable accommodation under the Americans with Disability Act (the "ADA")); *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir.2000) (analyzing an RA accommodation claim under the same standard as the ADA). A reasonable jury can therefore find that NDOC could have reasonably accommodated Plaintiff by granting him sick leave.

In sum, the Court finds that Plaintiff has raised a genuine dispute of material fact regarding NDOC's failure to reasonably accommodate Plaintiff. The Court will therefore deny the MSJ on that claim.

**V.   CONCLUSION**

It is therefore ordered that the Defendant's motion for reconsideration (ECF No. 117) is granted.

It is further ordered that Defendant's motion for summary judgment (ECF No. 90) is granted as to Plaintiff's disability discrimination claim but is denied as to Plaintiff's reasonable accommodation claim.

The parties are directed to file a proposed joint trial order within 30 days.

DATED THIS 8th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE